IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re | ) BANKRUPTCY APPEAL |
| **BASEM E. HABASH,** | ) |
| Debtor. | ) No. 06 C 4047 |
| **NAJIB ZEDAN,** | ) Bankruptcy Case No. 04 B 32169 |
| Plaintiff-Appellant, | ) |
| v. | ) |
| **BASEM E. HABASH and SUSAN HABASH,** | ) |
| Defendants-Appellees. | ) |

**MEMORANDUM OPINION AND ORDER**

Creditor-appellant Najib Zedan filed an adversary complaint ("the complaint") to revoke debtor-appellee Basem E. Habash's Chapter 7 discharge in the Bankruptcy Court for the Northern District of Illinois ("bankruptcy court"). The bankruptcy court dismissed the complaint with prejudice and Zedan appeals. For the reasons stated herein, I affirm the judgment of the bankruptcy court.

I.

Habash filed for Chapter 7 bankruptcy on August 30, 2004. Zedan initially filed a Motion to Dismiss the Chapter 7 proceeding, which he withdrew on November 5, 2004. Later that same month, on November 23, 2004, Zedan filed a Motion to Extend Time to File Objections to Discharge of Debtor and Certain Debts. The

bankruptcy court granted the motion and extended the time to file objections until February 4, 2005.

The first meeting of creditors took place on December 2, 2004. Habash and his attorney as well as counsel for Zedan were present. Subsequent to the meeting of creditors, the Trustee filed a Motion to Extend the Date by Which Objection to Discharge Must be Filed. The bankruptcy court granted the Trustee's motion and extended the date to June 30, 2005. The Trustee filed a second motion to extend that date on June 14, 2005, which the court granted, thereby setting the new date by which to file objections as September 29, 2005. Prior to that date, Habash produced documents in response to the Trustee's requests, and was subject to a Rule 2005 examination. Neither Zedan or his attorney attended the Rule 2005 examination. Eventually, the Trustee and Habash reached an agreement whereby Habash would purchase the non-exempt assets in his bankruptcy estate for the price of $ 35,000.00 subject to the approval of the bankruptcy court and competing bids. On December 16, 2005, the bankruptcy court entered an order approving the submitted procedure for said sale of assets, scheduling the auction for sale for February 15, 2006 and a hearing to approve the sale for February 17, 2006.

At some point, Zedan hired a new attorney. On January 27, 2006, Maurice J. Salem filed an appearance in the Chapter 7 proceeding on behalf of Zedan, along with a Motion to Postpone the

Scheduled February 15, 2006 auction. The motion asserted that "[u]pon reviewing the file in this case and the September 19, 2005 Deposition of the Debtor . . . taken together with independently obtained information, there is overwhelming evidence that the Debtor made fraudulent representations." (Mot. at ¶ 2.) The bankruptcy court denied the motion.

After the asset sale, the bankruptcy court entered an Order Approving Sale of Assets to Habash, as the only bidder in attendance. On April 17, 2006, Zedan filed the complaint, which alleged fraud in Habash's disclosures of his income, property value and corporate inventory. This was dismissed with prejudice by the bankruptcy court, which stated "[t]he time limits expired in February of '05 and there's no reason that they should be extended, changing attorneys doesn't mean you get to start over again. So the motion to dismiss is granted." (Tr. at 9.)

II.

Dismissal of an adversary complaint in bankruptcy is reviewed *de novo*. *In re Consol. Indus.*, 360 F.3d 712, 716 (7th Cir. 2004). I must accept all well-pleaded allegations as true and affirm "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1008 (7th Cir. 2002). A plaintiff must allege all the elements for each cause of action to withstand a motion to dismiss. *Lucien v. Preiner*, 967 F.2d 1166,

1168 (7th Cir. 1992).

Zedan argues the complaint was based on newly discovered fraud under 11 U.S.C. § 727(d)(1). Section 727(d)(1) states that:

> (d) On request of . . . a creditor . . . , and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge . . . .

A party seeking revocation under § 727(d)(1) must be made within one year after the discharge is originally granted. 11 U.S.C. § 727(e)(1). In turn, FED. R. BANKR. P. R. 4004 sets a period for objecting to discharge which ends prior to the grant of such discharge. Where a creditor claims to have learned of the fraud after the time period to object to discharge but prior to the discharge itself, courts nevertheless generally permit the party to proceed under § 727(d)(1). *See, e.g., Citibank N.A. v. Emory (In re Emery)*, 132 F.3d 892, 895-96 (2d Cir. 1998) ("Nothing in the Bankruptcy Code itself indicates an intention to create immunity during the gap period."); *First Interstate Bank of Sioux City v. Ratka (In re Ratka)*, 133 B.R. 480, 483 (Bankr. N.D. Iowa 1991); *In re White*, 133 B.R. 206, 208-09 (Bankr. S.D. Ind. 1990); *see also* 3 Norton Bankr. L. & Prac. 2d § 74:20 (2006 ed.); 9D Am. Jur. 2d Bankruptcy § 3558 (2006). In those circumstances, the discharge date will be imputed to have occurred on the same day as the expiration of the period for objecting to discharge. *See, e.g., In re Emory*, 132 F.3d at 895-96.

According to Zedan, the bankruptcy court erred in dismissing the complaint as untimely, stating the "time limits expired in February of '05." This was the date set after Zedan initially asked the bankruptcy court to extend the date to file objections. The other order extending the date to file objections applied only to the Trustee. Zedan correctly points out that the February 2005 cut-off date is not correct as a matter of law, as a party can seek revocation under § 727(d)(1) within one year after either the actual discharge date, § 727(e), or the cut-off date to file objections. *In re Emory*, 132 F.3d at 895-96. Nevertheless, the bankruptcy court's decision to grant the motion to dismiss is affirmed on different grounds. For one, the complaint was not filed until April 2006, more than one year after the deadline to file objections had passed and, therefore, was still untimely. Moreover, the complaint fails to state a claim under § 727(d)(1).[1]

In construing the requirements of § 727(d)(1), the statute must be read liberally in favor of the debtor. *State of India v. Kaliana (In re Kaliana)*, 202 B.R. 600, 603 (Bankr. N.D. Ill. 1996) (citations omitted) ("Revocation of a discharge is a harsh measure and runs contrary to the general policy of the Bankruptcy Code of giving Chapter 7 debtors a 'fresh start.'")); *West Suburban Bank of*

---

[1] Appellee cited the § 727(d)(1) elements in the motion to dismiss and reply memorandum and at the hearing before the bankruptcy court. The bankruptcy court did not reach this issue as it dismissed the complaint as untimely.

5

*Darien v. Arianoutsos (In re Arianoutsos)*, 116 B.R. 116, 118 (Bankr. N.D. Ill. 1990) (citing *Canfield v. Lyons (In re Lyons)*, 23 B.R. 123, 125 (Bankr. E.D. Va. 1982)). In order to obtain relief under § 727(d)(1), the creditor must allege (1) fraud in fact and (2) that the creditor was not aware of the fraud prior to discharge or the period after the date to file objections but prior to discharge. *In re Kaliana*, 202 B.R. at 604; *In re Arianoutsos*, 116 B.R. at 118. In addition, the complaint must comply with Federal Rule of Bankruptcy Procedure 7009, which is identical to Federal Rule Civil Procedure 9(b), and requires fraud be pled with particularity. This requires the plaintiff allege "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (quotations omitted).

With regards to the second statutory element, courts have held that in the absence of diligence by the creditor, revocation of the debtor's discharge is improper. *See, e.g., In re Kaliana*, 202 B.R. at 605-06 (creditor's investigation "was neither diligent nor timely"); *In re Arianoutsos*, 116 B.R. at 118 (creditor was in possession of enough information to put them on notice that schedules might be false); *In re Stein*, 102 B.R. 363, 368 (Bankr. S.D.N.Y. 1989) (creditor seeking to revoke the discharge of the

debtor did not exercise diligence in discovering the facts concerning the debtor's interest in his wife's home and bank account which were not listed on the bankruptcy schedules); *First Nat'l Bank v. Jones (In re Jones)*, 71 B.R. 682, 865 (S.D. Ill. 1987) (citation omitted) ("A party may be guilty of laches by failing to show proper diligence in attempting to discover the necessary facts before discharge."). "If the creditor could have known of the alleged fraud, it has an affirmative duty to so investigate before the discharge is granted or the court will dismiss the requested revocation." *In re Kaliana*, 202 B.R. at 604 (citing *Wood v. Cochard (In re Cochard)*, 177 B.R. 639, 643 (Bankr. E.D. Mo. 1995) and *In re Arianoutsos*, 116 B.R. at 119).

In this case, the complaint alleges there was fraud in the procurement of the discharge and, tellingly, completely fails to allege that Zedan was unaware of the fraud prior to 2006, when Zedan hired a new attorney and first made such allegations. In the motion to postpone the auction, as well in opposing the motion to dismiss the complaint, Zedan argues he learned of the fraud after the close of the Trustee's period to file objections to discharge in September 2005, but prior to the discharge itself. However, the complaint as well as the motion to postpone the auction and the opposition to the motion to dismiss make clear that Zedan primarily relies on the record obtained in the bankruptcy proceeding itself to allege fraud. The complaint specifically cites Habash's

7

deposition testimony and exhibits and schedules to the debtor's bankruptcy petition. In fact, Zedan's initial attorney was present at the first creditor's meeting and on notice of the deposition and proceedings before the bankruptcy court. The fact that Zedan failed to investigate prior to the expiration of its period to file objections, or at least request another extension in order to investigate, cannot be squared with the requirements of § 727(d)(1).

Zedan cites the existence of new evidence to explain the timing of his filing and to argue he did not have earlier notice of the fraud. The first piece of "new evidence" identified by Zedan consist of an Arabic newspaper clipping dated May 2006, which translated states "[t]hank the businessman Mr. Basem Habash for his generous contribution of the supplying substances . . . giving[sic] more than 200 families. We thank him again for his continuous support." This vague statement does not constitute evidence of fraud. At a minimum, the nature of the contribution is unclear as well as its source (i.e. the donor could have been Habash's business as opposed to him personally). Second, Zedan claims that he was unaware of the number of employees working at the debtor's company, salary discrepancies among the employees and debtor's spouse, inventory amounts, and information about the debtor's spouse's financial affairs until his new attorney inquired about this to the Trustee's attorney in 2006. The problem with this

8

claim is that it is clear that Zedan could have obtained this information earlier upon request, but he failed to do so until he hired a new attorney.

Zedan was on notice of the bankruptcy proceedings, in possession of relevant information provided in Habash's bankruptcy petition, schedules and statement of affairs, and perfectly capable of inquiring further into the debtor's financial affairs or seeking another extension to file his objections prior to either February 2005 (the bankruptcy court's cut-off date) or 2006 when he first made his allegations of fraud. The fact that Zedan's prior counsel was not diligent in investigating debtor's financial affairs does not excuse Zedan under § 727(d)(1). The complaint fails to plead the elements required under § 727(d)(1) and dismissal is proper.[2]

### III.

For these reasons, the bankruptcy court's dismissal of the complaint is affirmed.

ENTER ORDER:

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: January 9, 2007

---

[2]Appellee also argues that the complaint fails to plead fraud with particularity as required by FED. R. BANKR. P. R. 7009. Because I find Zedan has not plead diligence in accordance with § 727(d)(1), I need not address this argument.